UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
NOV 1 4 2008



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| DONALD V. ARCHAMBAULT, | CR 07-40041 |
| | CIV 08-4132 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| | DENYING PETITIONER'S MOTION |
| -vs- | UNDER 28 U.S.C. § 2255 TO VACATE, |
| | SET ASIDE, OR CORRECT SENTENCE |
| UNITED STATES OF AMERICA, | BY A PERSON IN FEDERAL CUSTODY |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Petitioner, Donald V. Archambault's, Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, Doc. 34. The Government has filed a brief in opposition to Petitioner's motion, Doc. 42, supported by an Affidavit from Petitioner's attorney, Timothy Langley, Doc. 43, and has moved to dismiss Petitioner's motion for failure to state claim cognizable under 28 U.S.C. § 2255, Doc. 41.

## BACKGROUND

On August 29, 2007, Petitioner entered into a plea agreement with the Government in which he agreed to plead guilty to the indictment which charged him with the crime of Bank Robbery in a violation of 18 U.S.C. § 2113(a). The plea agreement further provided that "Defendant hereby waives any right to appeal any and all motions, defenses, probable cause determinations, and objections which he has asserted or could assert to this prosecution, and to the Court's entry of judgment against him and imposition of sentence, including sentence appeals under 18 U.S.C. §

3742. The parties agree that expressly excluded from this waiver of defenses and appeal rights is Defendant's right to appeal the sentence for a determination of "reasonableness" should the Court impose a sentence above the advisory guideline range established by the Court for the offense." In return for entering a plea of guilty, the plea agreement provided that the Government would recommend that the Court consider imposing a sentence of imprisonment that runs concurrent to any term of imprisonment that Defendant was serving at the time, but that such recommendations are not binding on the Court and that Defendant may not withdraw his plea of guilty if the Court rejects such recommendations.

In a change of plea hearing held on September 5, 2007, Magistrate Judge John E. Simko concluded, as reflected in his Report and Recommendation, Doc. 24, that Petitioner was advised of the nature of the charges against him and the consequences of the plea, specifically including the maximum applicable penalties.

On September 20, 2007, District Court Judge Lawrence L. Piersol entered an Order adopting the Report and Recommendations on Plea of Guilty, Doc. 25. Petitioner's sentencing hearing was held on November 26, 2007, before Judge Piersol. Under the United States Sentencing Guidelines ("USSG"), Petitioner's total offense level was 29 and he possessed a criminal history category of VI. The applicable guideline range was 151 to 188 months. Petitioner declined to exercise his right of allocution and Petitioner's counsel requested that the Court sentence Petitioner within the guideline range.

Judge Piersol sentenced Petitioner to 180 months imprisonment, and ordered that 120 months of the sentence run consecutive to the sentence imposed in 05-CR-00163 in the District of Utah. The cumulative term of imprisonment which Petitioner was ordered to serve for the Utah and South Dakota robberies was 271 months. (Pet'r Mot. at C.) Additionally, Petitioner was sentenced to 3 years supervised release to run concurrent to the term imposed in the District of Utah, 05-CR-00163. The Court advised Petitioner that he had waived his right to appeal, but excluded was his right to appeal for reasonableness should the Court impose a sentence above the advisory guideline range or unless some basic constitutional right has been violated. (Ct. Mins. at 3.)

On August 11, 2008, Petitioner filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, Doc. 34. Petitioner identified four grounds for vacating his sentence, three of which are based upon allegations of ineffective assistance of counsel.

2

In the claim not based on ineffective assistance of counsel, Petitioner argues that he is entitled to relief because the Court abused its discretion when it disregarded the Government's Rule 11 recommendation requesting the imposition of a sentence concurrent with that Petitioner was already serving for the Utah bank robbery conviction. Petitioner also alleges the Court was obligated to impose a concurrent sentence because the South Dakota bank robbery was part of the "same crime spree" as the bank robbery he committed in Utah. The Government has filed a brief in opposition to Petitioner's motion, Doc. 42, supported by an Affidavit from Petitioner's attorney, Timothy Langley, Doc. 43, and has moved to dismiss Petitioner's motion for failure to state claim cognizable under 28 U.S.C. § 2255, Doc. 41.

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255.

### I.  Court's Abuse of Discretion

Petitioner alleges that the Court's decision to impose a partial consecutive sentence was an abuse of discretion because: (1) it was bound to implement the Government's Rule 11 recommendation requesting the imposition of a sentence concurrent with that Petitioner was already serving for another bank robbery conviction in Utah; and (2) the South Dakota bank robbery was allegedly part of the "same crime spree" as the bank robbery committed by Petitioner in Utah. Additionally, Petitioner alleges that the Court abused its discretion by imposing a sentence that exceeded the high end of the guidelines without giving any reasons for such a departure and that the cumulative sentence imposed by the Court exceeded the statutory maximum of twenty years for a violation of 18 U.S.C. § 2113(a).

3

The Government contends that Petitioner should be barred from raising these objections collaterally because he failed to contest the issue on direct appeal. *See Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)) (stating that "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'") (internal citations omitted). Generally, a claim unraised on direct appeal is procedurally defaulted unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence. *United States v. Moss,* 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley,* 523 U.S. at 622).

A petitioner is precluded from procedurally defaulting on certain claims, however, despite his or her inability to prove cause and actual prejudice or in the alternative, actual innocence. Specifically, the Eighth Circuit has held a petitioner is not precluded on direct appeal or in his post-conviction proceedings from objecting to an illegal sentence imposed by the Court or to a sentence imposed in violation of the terms of an agreement. *United States v. Andis,* 333 F.3d 886, 891, 892 n.6 (8th Cir.2003) (citation omitted); *see also United States v. Michelsen,* 141 F.3d 867, 872 (8th Cir. 1998) (stating that Petitioner implicitly preserved his right to appeal on grounds that his sentence was illegal or imposed in violation of the plea agreement). The illegal sentence exception to the general enforceability of an appeal waiver must be construed narrowly and "[a]ny sentence imposed within the statutory range is not subject to appeal." *Andis,* 33 F.3d at 892 (8th Cir. 2003). Therefore, an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion may not serve as the basis of a collateral attack in a § 2255 motion if a petitioner has waived such rights by failing to raise the issues on direct appeal. *Id.*

The Court finds that Petitioner has procedurally defaulted on his claim which alleges that the Court was bound to impose consecutive sentences for the robberies he committed in South Dakota and in Utah because they were part of the "same crime spree." While Petitioner does not cite any authority for his claim, the Court interprets Petitioner's claim as one challenging the Court's decision to apply USSG § 5G1.3(3) rather than 5G1.3(2). Because Plaintiff failed to appeal this claim directly, it is plainly barred under *Andis,* 333 F.3d at 890, since it regards a challenge to the sentencing judge's application of the Sentencing Guidelines.

Petitioner has not waived his right, however, to collaterally attack the Court's sentence based on allegations that the Court, without justification, imposed a sentence exceeding the high end of the Guidelines nor that his sentence exceeds the statutory maximum of twenty (20) years. The Court

4

will therefore evaluate the merits of these claims as well as Petitioner's claim alleging that the Court imposed a sentence in violation of the plea agreement.

The Court finds that Petitioner's remaining claims attacking the propriety of the Court's sentence are without merit. First, Petitioner's plea agreement with the Government, signed and dated by Petitioner on August 27, 2007, specifically states in Paragraph 2 that it is "presented to the Court pursuant to Rule 11(c)(1)(B) and that any recommendations made by the Government as to Petitioner's sentence "are not binding on the Court and that the defendant may not withdraw his plea of guilty if the Court rejects such recommendations." Therefore, pursuant to Rule 11(c)(1)(B) and the language of the plea agreement, the Court had complete discretion whether or not to accept the Government's recommendations. Second, contrary to Petitioner's assertions, the Court imposed a sentence within the Guideline range that was below the statutory maximum of twenty (20) years or 240 months. Under the Guidelines, Petitioner's total offense level was 29 and he possessed a criminal history category of VI. The applicable guideline range was 151 to 188 months. The Court ultimately sentenced Petitioner to 180 months, or the middle of the Guideline range.

Finally, Petitioner's argument that the cumulative sentence imposed by the District of Utah and this Court may not exceed the statutory maximum of twenty years is not supported by law. In a case involving an undischarged term of imprisonment, a court may order the sentence for the instant offense to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense. 18 U.S.C. § 3584(a); USSG § 5G1.3(c). The fact that Petitioner's cumulative sentence exceeded 240 months does not change the fact that Petitioner was sentenced to no more than the statutory maximum for the instant federal offense. *United States v. Maurstad*, 454 F.3d 787, 791 (8th Cir. 2006).

## II. Ineffective Assistance of Counsel

Petitioner also alleges that he is entitled to relief under § 2255 on the basis that he was denied effective assistance of counsel when his attorney failed to object to the Court's imposition of a sentence that was only partially concurrent to the one he was serving for a bank robbery conviction in Utah. Petitioner argues that this sentence was objectionable because: (1) the resulting cumulative sentence exceeded the twenty-year statutory maximum for a violation of 18 U.S.C. § 2113(a); and

5

(2) the robberies committed by Petitioner in South Dakota and Utah were allegedly part of the "same crime spree."

Petitioner also claims that he would not have entered into a guilty plea if his attorney had not misrepresented to him certain key facts pertaining to his plea agreement. First, Petitioner alleges that his attorney misrepresented that his plea agreement in the District of South Dakota, in which the prosecution agreed to recommend a wholly concurrent sentence, was pursuant to Fed. R. Crim. P. 11(c)(1)(C), which would have made the terms of the plea agreement binding on the Court. Additionally, Petitioner alleges that his attorney stated that the Court was obligated under law to impose a concurrent sentence because the robberies committed by Petitioner in South Dakota and Utah were considered part of the "same crime spree" and that Petitioner could withdraw his plea and go to trial if the Court did not go along with the Government's concurrent sentence recommendation.

A defendant who claims to have been deprived of effective assistance of counsel must show: (1) that his lawyer's representation fell below an objective standard of reasonableness; and (2) that the lawyer's deficient performance prejudiced Petitioner. *Strickland v. Washington,* 466 U.S. 668, 688, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of a guilty plea, the Supreme Court had held that the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Overall, the Court must indulge a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689.

The Court finds that Petitioner is not entitled to relief for his claims challenging his attorney's failure to object to the imposition of a partially consecutive sentence. As discussed above, the Court was clearly within its discretion to impose a partially consecutive sentence under USSG § 5G1.3(c). While Defendant alleges that his lawyer should have instead advocated for the application of § 5G1.3(b), such a suggestion would have been quickly rebuffed by the Court since there is no basis in law for applying § 5G1.3(b) to this case. Even if the Utah bank robbery was relevant conduct to the South Dakota robbery under the provisions of subsections (a)(1), (a)(2), or (a)(3) of USSG § 1B1.3, the Court finds, in reexamining Petitioner's PSR, that the Utah robbery

did not serve as "the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments)." Accordingly, the Court was correct in applying § 5G1.3(c) to determine the appropriate sentence for Petitioner in this case.

The Court must next evaluate Petitioner's § 2255 motion as it pertains to allegations that his attorney's misrepresentations regarding the contents of his plea agreement induced him to enter a plea of guilty. Specifically, Petitioner claims that his attorney misrepresented to him that his plea agreement was pursuant to Fed. R. Crim. P. 11(c)(1)(C) rather than 11(c)(1)(B) and that he may withdraw his plea if the Court imposed a consecutive sentence contrary to the Government's recommendations.

The Court need not hold an evidentiary hearing to resolve these claims because the Court finds that such self-serving allegations are wholly inconsistent with the language in Paragraph 2 of the plea agreement and with statements made by Petitioner's attorney, Timothy Langley, in his Affidavit. *See Holloway v. United States,* 960 F.2d 1348, 1358 (8th Cir. 1992) (discounting self-serving statements made by Petitioner in affidavit accompanying § 2255 motion that contradict other evidence in the record); *see also Delgado v. United States,* 162 F.3d 981, 983 (8th Cir. 1998) (rejecting affidavit supporting § 2255 motion because it "lacked inherent credibility and failed to specify what additional evidence could be developed at an evidentiary hearing."). For these same reasons, the Court declines Petitioner's § 2255 motion as it pertains to the allegation that he unknowingly and involuntarily entered a guilty plea in this case.

When the district court has denied a motion under 28 U.S.C. § 2255, the petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserved further proceedings." *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly,

It is hereby ORDERED that:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. 34, is DENIED;

(2) Government's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. 41, is GRANTED;

(2) That a Certificate of Appealability shall not issue on any of the claims raised in Petitioner's § 2255 motion.

Dated this 13th day of November, 2008.

BY THE COURT:

*[signature]*

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *[signature]*
DEPUTY